IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joselyn Parker,　　　　　　　　　　　　　　　　Case No: 2:18-cv-748

　　　　Plaintiff,　　　　　　　　　　　　　　　　Judge Graham

　　v.　　　　　　　　　　　　　　　　　　　　　Magistrate Judge Jolson

Columbus Urban League, *et al.*,

　　　　Defendants.

Opinion and Order

This matter is before the court on defendants' unopposed motion to dismiss Count III of the complaint, for wrongful discharge in violation of Ohio public policy. For the reasons set forth below, the motion to dismiss is granted.

Plaintiff Joselyn Parker brings this action for employment discrimination and retaliation under Title VII of the Civil Rights Act and under state law. Named as defendants are: her former employer, the Columbus Urban League; Stephanie Hightower, the President and Chief Executive Officer of the Urban League; and Mary Love, the Chief Financial Officer of the Urban League. Parker worked at the Urban League as its Director of Education and Youth Services.

The complaint's primary allegations concern Parker's claims that she was discriminated against because of her sexual orientation. The complaint, however, contains additional allegations relating to Parker's separate claim that she was unlawfully terminated because she had complained of financial mismanagement by defendant Love. According to the complaint, Parker discovered in April 2017 that $19,000 in grant money received from the Ohio Department of Mental Health and Addiction Services was missing. After discussing the matter with Love, Parker formed the belief that Love had misappropriated the allegedly earmarked funds by applying them to administrative expenses. Parker alleges that she reported her concerns to Hightower and Love, but they failed to respond.

The complaint asserts a cause of action (Count III) for wrongful discharge in violation of public policy. The complaint alleges that Ohio has clear policy, embodied in statute and regulation, regarding the duties of financial integrity by which the Urban League, a domestic nonprofit corporation, must abide. In particular, the complaint identifies: (1) O.R.C. § 1716.17 (imposing fiduciary duties on officers and directors of charitable organizations with respect to solicited funds); O.R.C. § 5119.44 (authorizing the Department of Mental Health and Addiction Services to provide

1

goods and services to nonprofit agencies); O.A.C. § 5122:1-5-01 (imposing financial reporting and auditing requirements on providers of mental health and addiction services).

Defendants move to dismiss Count III for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). When considering a motion under Rule 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Ohio law recognizes a claim for wrongful discharge in violation of public policy, but only under limited circumstances, as it is an exception to the employment-at-will doctrine. See Pytlinski v. Brocar Prod., Inc., 94 Ohio St. 3d 77, 78-79, 760 N.E.2d 385, 387 (Ohio 2002). Such a cause of action is called a Greeley claim. See Greeley v. Miami Valley Maintenance Contrs., Inc., 49 Ohio St.3d 228, 551 N.E.2d 981 (Ohio 1990). To state a Greeley claim, a plaintiff must establish four elements:

1. That a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).

2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).

3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).

4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

Collins v. Rizkana, 73 Ohio St. 3d 65, 69-70, 652 N.E.2d 653, 657-58 (Ohio 1995).

Defendants argue that plaintiff cannot establish the first two elements, both of which "are questions of law to be determined by the court." Id., 73 Ohio St. 3d at 70, 652 N.E.2d at 658. The court agrees.

In order to satisfy the clarity element, a plaintiff must identify an "independent source of public policy," which parallels the Ohio Whistleblower Statute in either "impos[ing] an affirmative duty on the employee to report a violation" or "specifically prohibit[ing] employers from retaliating

2

against employees who had filed complaints." Dean v. Consol. Equities Realty #3, L.L.C., 182 Ohio App. 3d 725, 729, 914 N.E.2d 1109, 1112 (Ohio Ct. App. 2009).

The statutes and regulation cited in the complaint (O.R.C. § 1716.17, O.R.C. § 5119.44, O.A.C. § 5122:1-5-01) neither impose an affirmative duty on employees to report violations nor prohibit employers from retaliating against employees who file complaints. These provisions reflect public policies, but not the type which support a Greeley claim. As one court has noted:

> The courts of Ohio generally have found that Greeley claims cannot lie with every public policy, even "good" ones, and appropriately so. Without these limitations, Greeley claims could evolve from exceptions to the employment at-will doctrine to the rule itself. . . . [O.R.C. § 1702.54] represents a general prohibition against deliberate and deceitful falsification of corporate documents—undoubtedly an important public policy, but not one that gives rise to a Greeley claim . . . .

Crowley v. St. Rita's Med. Ctr., 931 F.Supp.2d 824, 831 (N.D. Ohio 2013).

Plaintiff likewise fails to satisfy the jeopardy element. Among the factors a court may consider is whether an alternative remedy is available to redress the harm alleged by plaintiff. See Wiles v. Medina Auto Parts, 96 Ohio St.3d 240, 244, 773 N.E.2d 526, 531 (Ohio 2002) ("Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests."). Here, plaintiff had an adequate remedy available under the Ohio Whistleblower Statute, which provides a cause of action for any employee who has been subjected to retaliatory action for having filed a report regarding an alleged violation of state or federal law that is a felony. See O.R.C. § 4113.52(D). Accepting the complaint's allegations of financial mismanagement as true, Love's conduct would amount to a fourth degree felony. See O.R.C. §§ 1716.14(A)(1), 1716.99 (B)(2)(c) (committing a deceptive act with respect to funds greater than $7500 but less than $150,000).

Accordingly, defendants' unopposed motion to dismiss Count III of the complaint (doc. 13) is GRANTED and defendant Mary Love is hereby dismissed as a defendant from this suit.

                                                s/ James L. Graham
                                                JAMES L. GRAHAM
                                                United States District Judge

DATE: September 27, 2019